**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SHAWN M. ROSS,**

      **Plaintiff,**

                                                      Civil Action 2:20-cv-1028

      v.                                             **Judge Michael H. Watson**
                                                    **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Shawn M. Ross, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Social Security Disability Insurance Benefits and Supplemental Security Income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Motion to Remand Under 42 U.S.C. § 405(g), Sentence Six ("Motion to Remand") (ECF No. 7), the Commissioner's Memorandum in Opposition (ECF No. 10), and the administrative record (ECF No. 6). Plaintiff did not file a Reply. For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Remand and **AFFIRM** the Commissioner's decision.

## I.  BACKGROUND

Plaintiff protectively filed his applications for Supplemental Security Income Benefits on June 22, 2016 alleging disability beginning November 25, 2015 for stage three colon cancer, a removed appendix, and neuropathy in his hands and feet from chemotherapy treatment for the colon cancer. (R. at 15.) Plaintiff's application for benefits was denied, both initially, and upon reconsideration. Upon Plaintiff's timely request, on September 14, 2018, Administrative Law Judge Timothy G. Keller ("ALJ") held a hearing. The ALJ issued a decision dated December 17, 2018, which denied benefits to Plaintiff. (R. at 12-20.) Plaintiff filed a timely request for review of the ALJ's decision with the Appeals Council. By order dated December 20, 2019, the Appeals Council declined to review the decision of the ALJ and the ALJ's decision therefore became the final decision of the Commissioner. (R. at 1-4.) Plaintiff then timely commenced the instant action.

## II.  RELEVANT MEDICAL EVIDENCE

On November 17, 2015, Plaintiff was examined by Dr. Andrew Chernick, MD due to stomach pain. He was given a sigmoidoscopy flexible with biopsy at the Genesis Healthcare Medical Center. He was noted to have a mass within the sigmoid colon at the time. (R. 625-626.) He was also noted to have had past fracture surgery and a vasectomy, but no family history of colon cancer. (R. at 626.) The examination by general surgeon Dr. Jan E. Elston, MD, noted a neoplasm of uncertain behavior of the colon, abdominal pain, hematochezia, a change in bowel movement, and an abnormal CT scan. (R. at 633-634.) Plaintiff was diagnosed with colon cancer, for which Dr. Elston performed a colon resection on December 9, 2015. (R. at 640.) As noted by Dr. Elston on February 4, 2016, Plaintiff subsequently underwent chemotherapy, which he tolerated well. (R. at 647.)

During the chemotherapy treatment, Plaintiff reported some feelings of weakness, as well as jaw sensitivity, gastroesophageal reflux, and shoulder soreness. (R. at 656.) Progress notes from February 1, 2016 by Dr. Scott Wegner, M.D., Plaintiff's treating physician, indicate that Plaintiff was able to golf the weekend prior. (Id.) Plaintiff denied any dyspnea, pain or peripheral neuropathy. (*Id.*) Dr. Wegner noted that Plaintiff's side effects from the chemotherapy were resolving. (R. at 657.) On February 22, 2016, Dr. Wegner noted that after his last cycle of chemotherapy, Plaintiff developed redness, swelling and pain to his right wrist for which he was using a wrist wrap. (R. at 659.) Plaintiff had neuropathic sensitivity to his mouth with cold liquids for about 4 days after each cycle but denied any peripheral neuropathy and was able to continue to work full time. (R. at 659-660.) By April 12, 2016, Dr. Wegner noted that Plaintiff complained of grade 1 neuropathy but that as long as he kept his hands warm, it resolved. (R. at 668.) Plaintiff also complained of fatigue over the weekend following chemotherapy that resolves and Dr. Wegner noted that Plaintiff continued to golf frequently. (*Id.*) On April 25, 2016, Dr. Wegner noted that Plaintiff was tolerating treatment well with expected toxicities and that his neuropathy was stable and only intermittent. (R. at 672.) On May 26, 2016, Dr. Wegner reduced Plaintiff's medication due to peripheral neuropathy which he noted was approaching grade 2. (R. at 675.)

During a visit on July 20, 2016 with Dr. Maria Jamiolkowski, DO, Plaintiff was noted to have numbness in his hands and feet, but negative for weakness. (R. at 682.) Dr. Jamiolkowski noted peripheral neuropathy due to chemotherapy and indicated Plaintiff would be seeing Dr. Wegner. (R. at 683.) At the end of his cancer treatments with chemotherapy, on July 20, 2016, Plaintiff was still reporting symptoms of neuropathy to his hands and feet. (R. at 677.) Dr. Wegner noted with respect to Plaintiff's neuropathy, Plaintiff had just completed treatment and

3

that "[h]is symptoms should improve gradually." (R. at 678.) Since then, there have been no showings of cancer recurrence.

On November 11, 2015, Dr. Andrew Chernick, MD, opined that Plaintiff did not have any known limitations on his ability to perform sustained work activity. (R. at 1186-87.) Dr. Chernick also noted that he was unaware of any prescribed treatment for Plaintiff's cancer, or of any medication that Plaintiff may use. (*Id*.)

On September 19, 2016, the agency medical consultant Dr. Abraham Mikalov, MD, opined that, while Plaintiff had a severe disabling impairment at the time of his diagnosis and initial treatment for stage three colon cancer, the condition would not last the twelve-month threshold for disability. (R. at 411.)

In an opinion dated February 20, 2019, Dr. Scott A. Wegner, MD noted that Plaintiff's prognosis was "poor" and that he dealt with pain, paresthesia, an abnormal gait, weakness, sensory loss, and cramping burning calves and feet." (R. at 387.) Dr. Wegner noted clinical findings of a "decreased pin-prick sensation, and an altered gait which could be expected to last at least 12 months. In terms of limitations, Dr. Wegner opined that Plaintiff would not be able to stand or walk for more than two hours per day, though he had no noted limitations with "reaching, handling, or fingering." (R. at 387-388.)

4

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### IV. ANALYSIS

> Sentence six of 42 U.S.C. § 405(g) provides in relevant part as follows:
>
> The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42. U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citations omitted). The requirements that the evidence be "new" and "material," and that "good cause" be shown for the failure to present the evidence to the ALJ have been defined by the United States Court of Appeals for the Sixth Circuit as follows:

> "For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' . . . Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.' . . . A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ . . . . [T]he burden of showing that a remand is appropriate is on the claimant."

*Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

Plaintiff seeks a remand to the ALJ under Sentence Six to consider additional evidence. Plaintiff concentrates on one piece of evidence, chiefly the opinion from treating physician Scott Wegner, M.D., dated February 20, 2019. (R. at 387-88.) *See* Pl's Brief (ECF No. 7) at pp. 7-8 ("The evidence that is primarily concerning here, which was Dr. Wegner's opinion evidence

6

during his long-term treatment of Mr. Ross, is dated February 20, 2019 . . . .")[1]  As the record reflects, Plaintiff's hearing was in September 2018 and the ALJ issued his decision in December 2018.  (R. at 12-24, 389-402.)  Dr. Wegner did not author his opinion until February 2019.  (R. at 387-88.)  In this opinion, Dr. Wegner offered a single functional limitation, namely that Plaintiff could stand only five minutes at a time, and for less than two hours in an eight-hour workday.  (R. at 387.)

Plaintiff generally asserts that this evidence is "new," "material," and that he had "good cause" for not submitting it to the ALJ for his consideration.  The Undersigned disagrees.  As an initial matter, Dr. Wegner's opinion is not "new" simply because it post-dates the ALJ's decision.  Evidence is new only if it was not in existence *or was not available to Plaintiff* at the time of the administrative proceeding.  *Foster,* 279 F.3d at 357.  Here, Plaintiff had been treating with Dr. Wegner since January of 2016, that is, almost three years before the ALJ's decision in December 2018.  Plaintiff submitted other records from Dr. Wegner before the ALJ's decision, which were included in the record and reviewed by the ALJ.  (*See, e.g.*, R. at 651-80, 1118-68, 1188-1202.)   In this context, Dr. Wegner's opinion was clearly *available* to Plaintiff prior to the

---

[1] Plaintiff cursorily refers to other treatment notes including those from physician Erin Remster, M.D., Muskingum Valley Health Center, and Genesis Healthcare.  (Pl's Brief (ECF No. 7) at pp. 3, 8.)   Plaintiff, however, makes no attempt to demonstrate how these records were "new" other than briefly stating they were dated after the ALJ's decision, or "material."  Nor does Plaintiff attempt at all to show that he had "good cause" for failing to submit these records prior to the administrative decision.  The Court, therefore, will focus on Dr. Wegner's opinion and not address these other treatment notes that Plaintiff mentions in passing.  *See Cook v. Comm'r of Soc. Sec.,* No. 2:19-CV-4438, 2020 WL 3424502, at *6 (S.D. Ohio June 23, 2020) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to '... put flesh on its bones.'")); *Detty v. Comm'r of Soc. Sec.,* No. 2:19-cv-4366, 2020 WL 6557592, at *6 (S.D. Ohio, 2020) (same).

ALJ's decision had he only asked. *See Abbott v. Sullivan*, 905 F.2d 918, 925 n.5 (6th Cir. 1990) (affirming district court's denial of motion for remand because "this evidence was available prior to the Secretary's final decision and hence could not be used to reopen the Secretary's final decision.") (citing *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (finding that, since the onset of claimant's impairment occurred prior to the hearing, the evidence claimant sought to be considered could have been presented at the hearing before the ALJ)). Had Plaintiff or his counsel requested it, Dr. Wegner could have authored his opinion any time before December 2018 with the results made available to the ALJ. *See Templeton v. Comm'r of Soc. Sec.*, 215 F. App'x 458, 464 (6th Cir. 2007) (holding that a medical assessment by a treating physician was not "new" because claimant could have requested this assessment prior to the ALJ's decision). To the extent Plaintiff would argue otherwise, the record contains no indication that Dr. Wegner's opinion was based on new treatment records after December 2018. Indeed, Plaintiff has not submitted additional treatment records from Dr. Wegner with the new February 2019 opinion.

Even if Dr. Wegner's February 2019 opinion were "new," Plaintiff has not met his burden of showing that the opinion was "material." Evidence is "material" for the purpose of sentence six if there is a "reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357. Here, a significant amount of evidence already in the record contradicted Dr. Wegner's findings. In February 2019, Dr. Wegner opined that Plaintiff's neuropathy limited his to standing/walking for less than two hours in an eight-hour workday. (R. at 387.) Dr. Wegner then retroactively opined that this limitation had existed since July 22, 2016. (R. at 388.) But substantial evidence in the record undermined this opinion. By way of example, another treating

8

source, Dr. Chernick, whose opinion was in the record and considered by the ALJ, opined that Plaintiff had no known limitations on his ability to perform sustained work activity as of September 20, 2016.  (R. at 19, 1186-87.)  Moreover, Plaintiff himself testified that he would likely be able to perform a sedentary job.  (R. at 397-98.)  Sedentary work requires periods of standing or walking generally totaling no more than about two hours of an eight-hour workday and sitting for approximately six hours.  SSR 83-10; *see also* 20 C.F.R. § 404.1567(a) ("Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").  Thus, Plaintiff's testimony is inconsistent with Dr. Wegner's extremely limiting opinion.  For these reasons, the evidence does not appear "material" in that it seems it that Dr. Wegner's opinion would have changed the outcome of the ALJ's decision.

     Dr. Wegner's opinion regarding these extreme limitations are built on a finding of neuropathy.  The ALJ, however, reasonably considered Plaintiff's neuropathy, but noted that physical exam findings, including those in July 2016, when, according to Dr. Wegner, Plaintiff was incapable of standing more than two hours per day, were largely unremarkable (R. at 19, 652, 657, 659-60, 662-63, 665-66, 668-69, 671-72, 674-75, 677-78, 1188-89, 1179-80, 1207-08, 1220-22, 1228-29.)  None of these treatment notes indicate any loss of motor strength, issues with gait, or other evidence supporting a limitation that Plaintiff could walk less than two hours in an eight-hour day.   In addition, the ALJ noted activities that were at odds both with Plaintiff's allegations of debilitating symptoms and with the findings in Dr. Wegner's post-decision opinion.  Specifically, the ALJ noted that Plaintiff continued to play gold two to three times a week and was able to do household chores, such as laundry and cooking.  (R. at 17-20.)  Substantial evidence, including Plaintiff's consistently unremarkable physical examinations and activities of daily living, in combination with the treating opinions in the record indicating that

9

Plaintiff had no limitations, supported the ALJ's decision. Notably, Plaintiff does not complain about the ALJ's reasoning in light of the evidence in the record at the time of the decision. Accordingly, this Court should affirm the Commissioner's decision. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) ("This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record.").

Finally, Plaintiff has also failed to show "good cause" for failing to obtain this evidence prior to the ALJ's decision. The "good cause" requirement is satisfied only if there is a "valid reason" for the failure to submit evidence at a prior hearing. *Oliver*, 804 F.2d at 966; *see also Foster*, 279 F.3d at 357 ("A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence before the ALJ."). The age of evidence alone does not create "good cause" for Plaintiff's failure to have presented it earlier. The Court of Appeals for the Sixth Circuit has rejected the argument that "good cause" exists simply because the additional evidence did not exist prior to the hearing. *Oliver*, 804 F.2d at 966 ("this circuit has taken a harder line on the 'good cause test' than simply relying on the age of the evidence."). This argument conflates the requirements that the additional evidence be "new" with the requirement that a claimant have "good cause" for his failure to submit the additional evidence earlier.

Plaintiff maintains that "neither [he], nor his attorney was able to receive the entire record of Dr. Wegner's medical records and opinions prior to the issuance of the unfavorable ALJ decision." (Pl's Brif (ECF No. 7) at 13.) The record, however, contains no evidence that Plaintiff or his counsel attempted to obtain additional treatment notes or an opinion from Dr. Wegner prior the ALJ's written decision. Neither Plaintiff nor his representative mentioned this

additional evidence during the administrative hearing. (*See* R. at 391-92.) Consequently, while Plaintiff alleges in his briefing that he diligently attempted to obtain this opinion, no evidence suggests that any attempts would amount to a "reasonable justification" for failing to acquire and present this evidence to the ALJ. *Foster*, 279 F.3d at 357. The Undersigned concludes that Plaintiff has not shown that he had good cause for failing to obtain Dr. Wegner's opinion prior to the ALJ's unfavorable decision.

Dr. Wegner's additional evidence may not be considered by the Court when deciding whether the ALJ's decision was supported by substantial evidence. Rather, it can only be considered to determine whether remand under Sentence Six is appropriate. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993) ("The court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence."). The Undersigned concludes that Plaintiff has not shown that this evidence was "new," "material," or that he had "good cause" for failing to submit it during the administrative proceedings and therefore **RECOMMENDS** that the Court affirm the ALJ's decision and deny Plaintiff's request to remand this case under Sentence Six of 42 U.S.C. § 405(g). Moreover, the Undersigned concludes that substantial evidence supports the ALJ's decision, and Plaintiff has not argued otherwise.

## V. CONCLUSION

From a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits and that a remand under Sentence Six is not warranted. For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Remand Under 42 U.S.C. Section 405(g), Sentence Six, and **AFFIRM** the Commissioner's decision.

### VI.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 9, 2021                                                           /s/ *Elizabeth A. Preston Deavers*
                                                                                         Elizabeth A. Preston Deavers
                                                                                         United States Magistrate Judge